Filed 7/24/24  P. v. Hicks CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES RILEY HICKS,<br><br>    Defendant and Appellant. | 2d Crim. No. B333994<br>(Super. Ct. No. F328947)<br>(San Luis Obispo County) |

James Riley Hicks appeals an order denying his motion for the appointment of an expert in his annual examination as a sexually violent predator (SVP).  (Welf. & Inst. Code, § 6600 et seq.)[1]  We conclude that the trial court did not abuse its discretion by denying Hicks's request for appointment of a qualified expert, and affirm.  (§ 6604.9, subd. (a); *People v. Hardacre* (2001) 90 Cal.App.4th 1392, 1396, 1398 [trial court has

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

discretion to appoint expert for SVP for initial, probable cause hearing].)

*FACTUAL AND PROCEDURAL HISTORY*

In 1985 and 1994, Hicks was convicted of committing lewd acts with children. (Pen. Code, § 288, subds. (a) & (c).) Following his service of a prison term, he was committed as an SVP. (*People v. Hicks* (Jan. 14, 2008, B193533) [nonpub. opn.].) The district attorney has since petitioned to extend Hicks's SVP commitment.

On July 31, 2023, Hicks moved for the appointment of counsel and an expert or professional witness pursuant to section 6604.9, subdivision (a). Hicks did not support his motion with a particularized showing that he could benefit from the appointment of an expert, i.e., that there was probable cause to believe his mental condition had changed or that he no longer would be a danger to others. On October 30, 2023, the trial court summarily denied Hicks's motion.

Hicks appeals and contends that the trial court erred by denying him an expert witness to participate in his annual examination.

*DISCUSSION*

Hicks argues that he has the right to the appointment of an expert to participate in his annual SVP examination. He relies upon *People v. McCloud* (2021) 63 Cal.App.5th 1, 15-16, that an SVP may request an expert pursuant to section 6604.9, subdivision (a).

Section 6604.9, subdivision (a) provides for an annual examination of an SVP's mental condition and states: "A person found to be a sexually violent predator and committed to the custody of the State Department of State Hospitals shall have a

2

current examination of his or her mental condition made at least once every year.  The report shall be in the form of a declaration and shall be prepared by a professionally qualified person.  The person may retain or, if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person."  The appointment of an expert at this stage of the SVP proceedings falls within the trial court's discretion.

In *People v. Hardacre*, *supra*, 90 Cal.App.4th 1392, 1398, we rejected the contention that an SVP is entitled to the appointment of an expert to assist him in preparing for the annual examination.  We concluded that under former section 6605 regarding annual SVP examinations, "the appointment of an expert at that stage of the proceedings was a matter within the trial court's discretion."[2]  Our opinion rested in part upon the statute's permissive language – "may retain" and "may appoint." (*Hardacre*, at p. 1398.)  We also noted that by contrast, "when the court schedules a full hearing on the SVP's status after finding probable cause to believe he is no longer a danger to others, 'the court *shall* appoint an expert if the person is indigent and requests an appointment.' " (*Ibid.* [citing former section 6605, subdivision (d), now found in section 6605, subdivision (a)(3)].)

Moreover, *People v. Hardacre*, *supra*, 90 Cal.App.4th 1392, 1396, 1399-1401, concluded that due process of law does not

---

[2] The provision regarding annual SVP reports was in former section 6605, subdivision (a).  The Legislature subsequently moved that provision into section 6604.9.  The substance of the provision has not changed. (*People v. Smith* (2022) 75 Cal.App.5th 332, 342.)

require the appointment of an expert as a matter of right before probable cause has been established. "If an SVP articulates some reason to believe that information in the annual report . . . is inaccurate or unreliable, the court may exercise its discretion . . . and appoint an expert to assist the SVP at the show cause hearing. But this does not mean that an expert is constitutionally required in all cases." (*Id.* at p. 1401.)

Hicks also did not provide any particularized showing to support the appointment of an expert. Although he objects to the recommendation that he be retained for treatment, he did not suggest that his mental disorder has changed or that he would no longer be a danger to others. Hicks's motion stated that he intended to generally challenge the truthfulness of his annual evaluation. The trial court's ruling was not irrational or arbitrary. (*People v. Hardacre*, *supra*, 90 Cal.App.4th 1392, 1399 [standard of review for discretionary ruling].)

*People v. McCloud*, *supra*, 63 Cal.App.5th 1, does not assist Hicks. *McCloud* concerned a hearing for conditional release pursuant to section 6608 and the right to an expert once the trial court determines that an evidentiary hearing is required. (*McCloud*, at p. 15.) In dictim, *McCloud* stated that the defendant "is free to request an expert examination under section 6604.9, subdivision (a) in the future." (*Id.* at p. 16.) *McCloud* did not hold that an SVP is entitled to an expert at the annual review as a matter of right.

4

*DISPOSITION*
The order is affirmed.
<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:



YEGAN, J.



CODY, J.


5

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Marc A. Kohm and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.